UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

LAWRENCE E. MATTISON,

    Petitioner,

v.                                                            ACTION NO. 4:20cv158

HAROLD W. CLARKE,
Director, Virginia
Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Virginia inmate Lawrence E. Mattison ("Mattison"), respondent's motion to dismiss, and Mattison's motion for summary judgment. ECF Nos. 1, 10, 16. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 10, be **GRANTED**, Mattison's motion for summary judgment, ECF No. 16, be **DENIED,** and Mattison's petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.    FACTUAL AND PROCEDURAL HISTORY

On October 22, 2020, Mattison submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Mattison challenges his misdemeanor convictions for stalking and

making annoying phone calls. *Id.* at 1. He was convicted following a bench trial on May 25, 2016, and sentenced to 12 months incarceration for stalking and a $500 fine for annoying phone calls. ECF No. 12-1. Mattison appealed the convictions to the Court of Appeals of Virginia and the Supreme Court of Virginia, which denied his appeals. ECF No. 12-2; ECF No. 12-3, at 46.

While incarcerated, on October 19, 2016, Mattison filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. ECF No. 12-4, at 2–8. After the respondent filed responsive pleadings, a number of motions followed, including motions for leave to amend and a motion to reconsider the amended petition. ECF No. 12-4, at 52–61. Ultimately, on July 25, 2018, the Supreme Court of Virginia dismissed Mattison's petition, ECF No. 12-4, at 62–66; at that time, Mattison had served the entirety of his sentence, ECF No. 1, at 16, 18–19. Mattison then filed a petition for a writ of certiorari in the Supreme Court of the United States, which was denied on February 24, 2020. *In re Mattison*, No. 19-5709 (2020).

On October 22, 2020, Mattison filed his current habeas petition in this Court. ECF No. 1. In his federal petition, Mattison asserts: (1) his convictions were improper because there was no subject matter jurisdiction in state court due to the federal enclave doctrine; (2) the convictions were obtained in violation of his Fourteenth Amendment rights; and (3) his counsel performed so ineffectively that Mattison was denied his Sixth Amendment right to effective assistance of counsel. *Id.* at 21–26, 30–31. On January 13, 2021, respondent Harold W. Clarke, director of the Virginia Department of Corrections, filed a Rule 5 answer, a motion to dismiss, and a brief in support of the motion to dismiss. ECF Nos. 10–12. Shortly after, on January 25, 2021, Mattison filed a response to the motion to dismiss, a motion for summary judgment, and a memorandum in support of summary judgment. ECF Nos. 15–17.

2

## II. ANALYSIS

A. **Mattison is not "in custody" pursuant to the challenged convictions which means this Court lacks subject matter jurisdiction to adjudicate his habeas petition.**

The Court lacks subject matter jurisdiction to consider Mattison's petition attacking his convictions for stalking and annoying phone calls because Mattison is no longer in custody and was not in custody at the time of filing the petition. The federal habeas statute provides that a petitioner may file for relief only on the grounds that he is *"in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This requirement is jurisdictional; that is, absent the "in custody" element, a district court has no subject matter jurisdiction and must dismiss the petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also Robbins v. Clarke*, No. 2:15cv542, 2016 WL 8118191, at *2 (E.D. Va. Dec. 1, 2016).

In recent decades, the Supreme Court has expanded the meaning of "in custody" beyond mere physical confinement. Recognizing that "[h]istory, usage, and precedent . . . [show] there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient . . . to support the issuance of habeas corpus," the Court extended "in custody" to cover parole or probationary periods. *Jones v. Cunningham*, 371 U.S. 236, 240, 243 (1963). Ultimately, in determining if one is "in custody" at the time of filing a habeas petition, courts look for "one of two restraints on liberty, and perhaps both": (1) a degree of supervisory control over the petitioner; and (2) the presence of an imminent possibility of incarceration that would occur without a criminal trial or conviction. *Whorley v. Brilhart*, 359 F. Supp. 539, 541–42 (E.D. Va. 1973).

There is, however, a circumstance in which the Supreme Court has recognized that a petitioner who is no longer in state custody may still be eligible to have his or her habeas petition adjudicated—namely, when the petitioner *was* in custody at the time the petition was filed. *See*

3

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In *Carafas*, the petitioner was incarcerated at the time he filed his petition for a writ of habeas corpus. *Id.* at 236. After a lengthy procedural history but before a final adjudication on the petition, the petitioner was unconditionally released from parole and thus no longer "in custody." *Id.* Nevertheless, the Supreme Court held that the case was not moot, stating that "once [] federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner." *Id.* at 238.

In addressing the "in custody" requirement, Mattison asserts that he essentially remains in custody because he suffers "continuing collateral consequences" in the form of loss of employment, inability to gain employment, and stigma associated with his convictions. ECF No. 15, at 4–6. Mattison argues that there is "a presumption of collateral consequences" accompanying a criminal conviction. *Id.* at 4 (citing *Pollard v. United States*, 352 U.S. 354, 358 (1957)). He further argues that because a habeas petition is not automatically moot upon the release of the petitioner, *see Carafas*, 391 U.S. at 237–38, the "presumption of collateral consequences . . . creates a continuing case-or-controversy despite the lack of physical custody." ECF No. 15, at 4–5.

Mattison's argument confuses the case-or-controversy requirement with the statutory requirements for a court to have subject matter jurisdiction. *See* 28 U.S.C. § 2254(a). While Mattison is correct in stating that a petition does not automatically become moot upon a petitioner's release, he fails to acknowledge that a petitioner must be in custody at the time of filing for federal jurisdiction to attach. *See Maleng*, 490 U.S. at 491–92. Furthermore, the Supreme Court has already answered the specific question as to whether collateral consequences are sufficient to constitute custody—they are not. *Id.* at 491. In *Maleng*, the Court spoke directly to the confusion between mootness that arises when a petitioner files his petition and is subsequently released and

the actual "in custody" requirement in the statute. *Id.* at 491–92. The Court emphasized that in *Carafas*, it "rested th[e] holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed." *Id.* To clarify the meaning of its holdings with regard to collateral consequences, the Court concluded, "[t]he negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Courts continue to apply the rule that collateral consequences are not sufficient to constitute "custody." For example, the Fourth Circuit has held that the collateral consequence of requiring the petitioner to register in a sex offender registry is not sufficient to meet the "in custody" standard for a habeas petition. *Wilson v. Flaherty*, 689 F.3d 332, 336–38 (4th Cir. 2012). "To rule otherwise," the Fourth Circuit observed, "would drastically expand the writ of habeas corpus beyond its traditional purview and render § 2254's 'in custody' requirement meaningless." *Id.* at 338. Similarly, decisions from this Court have held that neither a three-year "good behavior period" nor the loss of driving privileges for ten years rises to the level of supervisory control necessary to deem the petitioners "in custody." *Robbins*, 2016 WL 8118191, at *3 (good behavior period); *Whorley*, 359 F. Supp. at 542 (loss of driving privileges). These consequences are at least as onerous and likely far more stigmatizing than the consequences that Mattison alleges in his petition.

As a result, Mattison is not "in custody" for the purposes of section 2254 and was not "in custody" at the time of filing his petition. Consequently, this Court lacks subject matter jurisdiction to address Mattison's habeas petition.

Similarly, the Court lacks subject matter jurisdiction to address Mattison's motion for summary judgment. The motion realleges his jurisdictional claims, arguing that the state trial court did not have jurisdiction to adjudicate criminal conduct on federal property at the Hampton VA Medical Center. ECF No. 17, at 1. It also realleges Mattison's Fourteenth Amendment claims, asserting that using state law to adjudicate the conduct that occurred on federal property violated his due process rights. ECF No. 17, at 28–29. Because this Court lacks jurisdiction to adjudicate Mattison's initial habeas claim, the Court also lacks jurisdiction to address the motion for summary judgment on the petition.

### III.  RECOMMENDATION

Mattison was not in custody for the 2016 stalking conviction when he filed his petition for a writ of habeas corpus and he was never in custody for the 2016 annoying phone calls conviction. Thus, this Court does not have subject matter jurisdiction over Mattison's petition challenging those convictions. It is therefore **RECOMMENDED** that respondent's motion to dismiss, ECF No. 10, be **GRANTED**, Mattison's motion for summary judgment, ECF No. 16, be **DENIED,** and Mattison's petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### IV.  REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A

6

party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 30, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Lawrence E. Mattison
466 Fort Worth St.
Hampton, VA 23669

By___/s/ J. L. Meyers_____
          Deputy Clerk

March 30
_____, 2021